McDonald, j.
li>This is an appeal of a determination in workers’ compensation that plaintiff is not entitled to total, permanent disability benefits. For the following reasons, we reverse in part and affirm in part.
FACTS
Plaintiff, Robert Conerly, began working for Triad Nitrogen in 1971. In 1998 he injured his right knee on the job, but continued working. He injured his lower back while working in May 2000, and could not work thereafter. He began receiving total, temporary disability benefits that were terminated in May 2010. He continues to get accident related medical benefits.
On January 26, 2012, a trial was held to determine if Mr. Conerly was totally and permanently disabled as of May 2010. At the conclusion of the hearing, the workers’ compensation judge found that Mr. Conerly had not met his burden of proving he was physically unable to engage in any form of employment. Therefore, the judge concluded he was not entitled to receive permanent, total disability benefits in accordance with La. R.S. 23:1221(2)(C).
DISCUSSION
The workers’ compensation judge relied on the testimony of two doctors, familiar with Mr. Conerly’s history, who had evaluated his current condition and found that he was capable of engaging in light or sedentary employment. Mr. Conerly continues to have pain in his neck, back, and knee, even after a total knee replacement. At the time of trial, he was continuing to see Dr. Sandra Weitz for pain management and also taking a number of medications for pain. His wife, Adreinne, testified that her husband was very forgetful and slept a lot more when taking the prescribed medicine, some of which are narcotics.
There was also testimony from Thomas J. Meunier, Jr., a licensed vocational rehabilitation counselor, on Mr. Conerly’s behalf. In addition to his experience as |aa vocational rehabilitation counselor, Mr. Meunier had reviewed the office notes of Dr. R. Bryan Griffith and Dr. Weitz, who provided the opinions the court relied on, as well as the office notes of a number of other physicians who had seen Mr. Conerly. It was his opinion, considering Mr. *275 Conerly’s vocational medical profile, that it was not likely Mr. Conerly could find employment.
He noted that Mr. Conerly was 68 years old, had a high school education, severe functional limitations, and no transferrable skills. Although his treating physicians released him to sedentary or part-time light work, the counselor opined that regardless of his motivation, Mr. Conerly is not likely to find employment. He advised that even setting aside skill level, sedentary jobs represent only about 10 percent of the labor market. The incidence of part-time sedentary jobs is even smaller at an unskilled level. Further, several employment options, for example, a security guard, are not available because of Mr. Conerly’s use of narcotic medications. Additionally, his need to sit or stand at will, restricted his availability. All relevant factors considered, the vocational rehabilitation specialist considered Mr. Conerly unemployable.
In the permanent, total disability context, the burden is entirely on the claimant to prove his incapacity of performing any work. Tillery v. State, Dept. of Public Safety and Corrections, 2007-1228 (La.App. 1 Cir 2/8/08), 984 So.2d 742, 744; See La. R.S. 28:1221(2). A reviewing court evaluates factual findings under the manifest error standard. Brown v. A M Logging, 2010-1440 (La.App. 1 Cir. 8/4/11), 76 So.3d 486, 493. The supreme court noted that legislation was enacted in 1983 to tighten the standard for receiving permanent, total disability in rendering its decision in Comeaux v. City of Crowley, 2001-0032 (La.7/3/01), 793 So.2d 1215. The issue here, as in Comeaux, was whether a decision regarding disability should be limited only to evidence of claimant’s physical condition or whether a totality of factors should be considered.
14While the workers’ compensation judge here cited Comeaux and recognized that the standard for determining entitlement to benefits was “totality of circumstances,” she believed the jurisprudence established lack of education as the factor most often cited in determining employability. More importantly, she believed that for a claimant to be entitled to permanent, total disability it was necessary that they prove that even with retraining, they were incapable of performing work.
Comeaux established that the workers’ compensation court should consider the totality of circumstances rather than only the physical abilities of a claimant. In the case before us, two treating physicians were of the opinion that Mr. Conerly could return to work in a light or sedentary work environment. However, while he does have a high school education and a strong work ethic, he has restrictions that make him an unlikely candidate for employment. He was 68 years old at the time of trial and had functional restrictions due to neck, back, and knee problems that prohibited him from sitting or standing for long periods. Also, intermittent flare-ups and his reliance on narcotic medications to relieve his pain, negatively affected his reliability. Further, there was no indication that Mr. Conerly’s symptoms would decrease in the future. Therefore, we reverse the office of workers’ compensation’s denial of permanent, total disability. We find that the totality of circumstances facing Mr. Conerly, and the unlikelihood of his improving, entitle him to permanent, total disability benefits.
In addition to appealing the decision of the workers’ compensation judge’s determination denying Mr. Conerly permanent, total disability, his brief assigned error to several other decisions of the judge. It was argued that it was error not to award penalties and attorney fees *276 against the employer. However, we find no error in the workers’ compensation judge’s determination that employer’s discontinuance of benefits was not arbitrary and capricious. The claimant had | .¡received the maximum benefit allowed by law. Thus, the discontinuance of benefits was due to conditions over which the employer or insurer had no control. Therefore, we do not award penalties or attorney fees. See La R.S. 23:1201.
The decision of the Office of Worker’s Compensation to assess 50% of the costs to Mr. Conerly was also challenged. The assessment of costs is left to the “sound discretion” of the judge. We find no error regarding costs. See La. R.S. 23:1310.9
Mr. Conerly also assigned error to the judge’s decision to exclude charts containing medical evidence. Since this court has made the decision that Mr. Conerly is entitled to benefits based on the evidence in the record, we find that this issue is moot.
CONCLUSION
Reviewing the record under the manifest error standard, and considering the relevant law and jurisprudence, we find that Mr. Conerly meets the legal requirements to receive permanent, total disability benefits. We agree with the workers’ compensation judge that the employer’s termination of benefits in this case was not arbitrary and capricious; therefore, we decline to award penalties and attorney fees. Accordingly, that portion of the judgment of the workers’ compensation court that dismissed the claim for indemnity benefits is reversed, and claimant, Robert Conerly, is ordered to receive permanent, total disability benefits retroactive to May 2010. In other respects, the judgment is affirmed. Appeal costs are assessed to Triad Nitrogen.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
KUHN, J., concurs.